IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARPER ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0225-CV-W-ODS |
| ) | |
| PIAGGIO GROUP AMERICAS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION (1) GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES

The background to this case is set forth in the Court's April 28, 2009, Order. In summary, the Court's previous Order denied Plaintiff's request for summary judgment and noted that if anyone was entitled to summary judgment it was Defendant. Defendant was invited to file a motion for summary judgment, and Plaintiff was invited to file a Motion for Attorney Fees with respect to the appeal in the prior case that ultimately vindicated the settlement agreement.

Plaintiff has now abandoned all of its claims except its request for attorney fees incurred in the prior appeal. Plaintiff's Suggestions in Opposition (Doc. # 68) at 25. As Plaintiff explains, "the only remaining claim in this case is the claim for attorneys' fees that Harper Enterprises incurred in defending against Piaggio's appeal from the enforcement order in the prior action." Id. The Court agrees this is the only issue remaining in light of Plaintiff's other positions.

As explained in the April 28 Order, the parties' prior lawsuit ended in a settlement. Section H of the Settlement Agreement provides that "[i]n the event any future legal action is brought to enforce the terms of this Agreement, or in which the provisions of this Agreement are raised as a defense to any claim asserted, the prevailing party in such action shall be awarded its reasonable attorneys' fees, costs, and expenses incurred in such action." Disagreements about the Settlement Agreement's viability arose before the prior case was dismissed, and the Court

ultimately upheld the agreement's validity. Defendant appealed the Court's ruling, necessitating a response (and the incurring of legal fees) by Plaintiff. Plaintiff prevailed and now seeks the fees it incurred defending the appeal. In opposing the request, Defendant contends (1) this Court lacks jurisdiction to award fees, (2) a fee request is not included in the Complaint, (3) the request has not been properly documented, and (4) the equities weigh against awarding fees.

The jurisdictional argument stems from an observation in footnote six of the Court's April 28 Order.

> There is another issue that has not been addressed: is this the appropriate forum to request fees from the appeal? Eighth Circuit Rule 47C says that a motion for attorney fees on appeal should be filed with the Court of Appeals, which may refer the matter to the trial court for consideration. In the context of a fee-shifting statute, the Eighth Circuit has held this Rule is not the exclusive means by which fees incurred on appeal may be awarded and that the request can be initiated in the District Court. Little Rock School Dist. v. Arkansas, 127 F.3d 693 (8th Cir. 1997). The Court presumes the rationale applies equally to fees awarded pursuant to a contractual agreement, but has found no authority to confirm the point.

Defendant faults Plaintiff for failing to further establish the Court's jurisdictional basis – but Defendant does little to deny the Court's of jurisdiction. To be fair, there does not seem to be much either party could do because the case previously cited by the Court appears to be the only authority on the subject. While "[t]he policy behind Rule 47C is that fee awards should be determined by the court most familiar with the legal services in question . . . Rule 47C cannot and does not affect the jurisdiction of the district courts [which is] conferred by Congress." Little Rock School Dist., 127 F.3d at 696. There is no authority applying that case outside the context of a fee-shifting statute, but Defendant has offered no reason to believe it is confined to that arena. Therefore, the Court concludes it has jurisdiction to entertain Plaintiff's request.

Despite its initial skepticism, the Court is now persuaded the claim for fees is raised in the Complaint. The Complaint details the litigation history procedural history – including Defendant's appeal challenging the Settlement Agreement – and alleges Defendant "has not provided any of the monetary or non-monetary consideration called

2

for by the Settlement Agreement." Complaint, ¶ 8. In the request for relief, the Complaint seeks (among other things) "attorney fees incurred in the enforcement of the Settlement Agreement." While the Complaint could be clearer, the Court holds it is clear enough.

The Court also believes the fees requested are reasonable. Plaintiff seeks $12,012.50 in fees, which is a reasonable amount for the work that was necessitated by Defendant's appeal. The Court has also reviewed the supporting documentation and finds Plaintiff has adequately (1) endeavored to eliminate redundancies and (2) supported its request.

Finally, Defendant contends the equities are not in Plaintiff's favor. In particular, Defendant relies upon events that occurred after the appeal – but by the time of those events, Plaintiff's obligation to pay Plaintiff's appellate fees was fixed. The obligation to pay those fees arises from the parties' contract and became due and payable once Plaintiff prevailed. While the subsequent suit to recover those fees was, at best, premature (and at worst, unnecessary), Plaintiff is not recovering any fees for that endeavor. The Court has previously commented on the apparent lack of necessity for much of this litigation, but there can be no doubt that Plaintiff was obligated to respond to Defendant's appeal. For these reasons, the Court rejects Defendant's argument.[1]

In conclusion, the Court grants Defendant summary judgment on all claims except with respect to Plaintiff's request for attorney fees incurred in the prior case's appeal. On that issue, the Court rules in Plaintiff's favor and awards Defendant $12,012.50 in fees.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: June 24, 2009               UNITED STATES DISTRICT COURT

---

[1]Defendant has also suggested an award of fees should not be entered because its appeal was taken in good faith. However, "good faith" is not a factor to be considered under the contract.