IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARPER ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0225-CV-W-ODS |
| ) | |
| PIAGGIO GROUP AMERICAS, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES

Pending is Defendant's Motion for Attorney Fees. The motion (Doc. # 78) is granted.

I. BACKGROUND

The history to this case has been well-chronicled. In summary, the parties entered a settlement agreement to resolve a prior lawsuit. The settlement includes an attorney fee provision, which states as follows:

> In the event any future legal action is brought to enforce the terms of this Agreement, or in which the provisions of this Agreement are raised as a defense to any claim asserted, the prevailing party in such action shall be awarded its reasonable attorneys' fees, costs and expenses incurred in such action.

A dispute arose over the meaning of some terms in, and the enforceability of, the agreement. The Court ruled in Plaintiff's favor and Defendant appealed. The Court of Appeals affirmed, and within a week Plaintiff filed a suit alleging Defendant had failed to perform its obligations under the settlement agreement. Specifically, the Complaint alleged Piaggio had "not provided any of the monetary or non-monetary consideration called for by the Settlement Agreement." Complaint, ¶ 8. Plaintiff later requested leave to file an Amended Complaint; the request was granted and Plaintiff was directed to electronically file the Amended Complaint, but it never did.

Plaintiff did not file any documents further detailing its claims until it sought summary judgment on October 14, 2008. There, Plaintiff alleged Defendant breached the settlement agreement by (1) failing to pay the sum called for while the suit was on appeal, (2) failing to deliver the parts or cash called for by the agreement, and (3) failing to "zero out" certain of Plaintiff's accounts. The motion also sought attorney fees incurred on appeal. The Court denied Plaintiff's motion insofar as sought judgment with respect to the breach of contract theories. In so doing, the Court noted Plaintiff's "rush to litigate" – filing suit a week after the case was affirmed and before the Mandate issued. Plaintiff did not seriously contend Defendant was obligated to abide by the contract at the same time the appeal was pending, which is just as well because the Court has indicated a party does not breach a contract by failing to pay sums due under a contract while the contract's viability is under legal attack. With that understanding, Plaintiff essentially sued Defendant for breaching the contract before giving Defendant a chance to comply. The Court also noted Plaintiff's failure to facilitate Defendant's performance, including a refusal of Defendant's plan to provide a combination of parts and money (even thought this was specifically permitted by the Court's Order that was affirmed on appeal) and delays in providing wiring instructions for money. By the time Plaintiff's Motion for Summary Judgment was fully briefed, Defendant had fulfilled its obligations under the settlement agreement. In its Order, the Court (1) noted the claims that were no longer at issue, (2) denied Plaintiff's claim for prejudgment interest, (3) granted Plaintiff attorney fees in connection with its defense on appeal, and (4) denied Plaintiff's request for fees in connection with this suit. Doc. # 60 at 6-11. Among other things, the Court directed Plaintiff to document the amount of fees incurred on appeal and directed Defendant to "file a Motion for Summary Judgment on the remaining claims in this case." Doc. # 60 at 11-12.

In responding to Defendant's Motion for Summary Judgment, Plaintiff abandoned all of its claims except for its request for attorney fees. Doc. # 68 at 25. The Court granted Plaintiff $12,012.50 for fees incurred defending the appeal and granted Defendant judgment on all remaining claims. Defendant then filed a Motion for Attorney

2

fees and invoked the same attorney fee provision, contending that it prevailed on all claims regarding the alleged breaches of the settlement agreement.

## II. DISCUSSION

Plaintiff struggles mightily to cast itself as the prevailing party or, failing that, to characterize Defendant as something other than prevailing. The effort is unconvincing. Plaintiff prevailed on one claim – its claim for fees in connection with the appeal. This was not even a breach of contract claim,[1] so Plaintiff did not prevail on any of its allegations that Defendant breached the settlement agreement. To the contrary, it was Defendant that was victorious, given that no judgment was entered against it. Plaintiff also intimates the suit caused Defendant to comply with the contract, but this argument is rather specious:[2] the suit was filed before Defendant had any chance to comply, so ascribing a causal relationship between the events is mere speculation. Moreover, the nature of Defendant's obligation – to provide a combination of parts, conforming parts, and money in accordance with a list set identified by the settlement agreement – necessarily required discussion and negotiation between the parties to ascertain whether substituted parts were suitable replacements for items on the list. Compliance was not as simple as writing a check, and a delay between the Eighth Circuit's affirmance and Defendant's compliance was inevitable.

The next issue to address is the amount of fees to which Defendant is entitled. Defendant seeks an award of nearly $140,000, but the Court believes this amount is too high. In particular, the Court notes Defendant's billing statements include time spent in the discussions and negotiations to ascertain whether substituted parts were suitable. As discussed in the preceding paragraph, these discussions were inevitable so the

---

[1]As noted in the Court's prior orders, Plaintiff could have sought fees by filing a motion in the Court of Appeals.

[2]In addition, this argument does not alter the fact that Defendant, not Plaintiff, prevailed on the contract claims.

3

Court cannot fairly ascribe the corresponding fees to this lawsuit. Defendant's request also requests fees at a rather high hourly rate. If the rates suggested are within the range for this market, they are certainly at the high end and suggest a degree of expertise and ability far beyond what was necessary to defend this case. Adjusting for these factors, the Court concludes an appropriate award is $94,407.

### III.  CONCLUSION

For these reasons, Defendant's Motion for Attorney Fees (Doc. # 78) is granted, and Defendant is awarded fees in the amount of $94,407.

IT IS SO ORDERED.

DATE: October 2, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT